506 P.2d 103

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Oliver B. TURNER, Defendant-Appellant.**

No. 10770.

Supreme Court of Idaho.

Feb. 8, 1973.

Howard I. Manweiler, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., J. Dennis, (J.D.) Williams, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Oliver B. Turner, the appellant, was charged with nineteen counts of obtaining money under false pretenses, to which he entered pleas of not guilty. After numerous continuances the case was set for trial and a jury empanelled. The next day, May 20, 1970, in the absence of the jury, the appellant with his counsel present, changed his pleas of "not guilty" to "guilty." Following several continuances to obtain a pre-sentence investigation, the trial court on August 13, 1970, denied a motion by appellant's counsel to withdraw as appellant's counsel, denied appellant's motion to withdraw his pleas of "guilty" to the nineteen counts, and entered judgment of conviction against defendant, sentencing him to serve fourteen years in the penitentiary on each count, with the sentences to run concurrently. From this judgment of conviction, appellant has appealed.

The appellant makes only one assignment of error on this appeal, which is that the trial court abused its discretion in refusing to allow appellant to withdraw his pleas of guilty. He now contends that the pleas of guilty came about as a result of a subtle psychological coercion and fear caused by the tenuous surrounding circumstances of the case.

In this case the trial court, on May 20, 1970, when appellant moved to withdraw his pleas of "not guilty" and to enter pleas of "guilty" to each of the nineteen separate counts in the information, carefully inquired of the appellant concerning his

understanding of the nature of the case, the effect of a plea of guilty, the alternatives the trial court had in imposing sentence, the sentences that could be imposed, appellant's understanding of his various rights to a trial, examination of evidence, confrontation of witnesses, burden of proof, presumption of innocence. This inquiry was made under oath, and in the presence of appellant's retained counsel. The result of this examination, which is a part of the record here, clearly indicated the appellant's full understanding of the effect of such change of plea to that of "guilty."

The court further carefully inquired of the appellant, also under oath, as to any influences which might be affecting appellant in deciding to enter his pleas of guilty. This record is also before the Court and clearly reflects that at that time the appellant was acting of his own free will, unfettered by any drugs, alcohol, ill health, promises of leniency, threats or coercion exerted by any state official or his own counsel.

Nonetheless, the appellant contends that the trial court abused its discretion in denying his motion to withdraw his pleas of guilty. He contends that at the time that he changed his pleas of "not guilty" to "guilty," the trial court had already denied his motion for a change of venue, he had an inability to pay his counsel, and there had been lengthy voir dire examination of the jurors for two days. He contends that all these factors coerced and influenced him to plead guilty, and that by reason of this influence his change of pleas was not voluntarily made.

By precedent and statute of this state the trial court has the discretion to permit the withdrawal of a guilty plea. See I.C. § 19–1714; State v. Martinez, 89 Idaho 129, 403 P.2d 597 (1965). The standard by which a guilty plea is tested is whether the plea represents a voluntary, intelligent choice among the alternative courses of action open to the defendant. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

"But the plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970) (with citations).

In applying these standards to the instant case, the record discloses that the trial court on May 20, 1970, conducted a penetrating examination and discourse with the appellant concerning whether the pleas to each count were voluntarily and knowingly made. This examination by the trial court demonstrated a concern for the accuracy of the appellant's pleas. See A.B.A., Standards Relating to Pleas of Guilty, § 1.-6 (1968).

The voluntariness of appellant's pleas can be determined only by considering all of the relevant circumstances. Brady v. United States, 397 U.S. 742, at 749, 90 S.Ct. 1463, 25 L.Ed.2d 747. Assuming that appellant was, in fact, influenced by the factors attributed by him as engendering psychological coercion, it can only be said that these were factors incident to the normal criminal process. The manner and degree to which external factors in the criminal justice system influence a defendant's judgment are imponderable. Arrest, arraignment, trial, and other procedures incident to the criminal justice system all have some effect on particular defendants to varying degrees. However, these influences cannot serve to set aside a guilty plea where counsel was present and the defendant was cognizant of the circumstances and consequences of his plea. Compare, Brady v. United States, supra, at 750, 90 S.Ct. 1463.

**208**

" \* \* \* The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L. Ed.2d 162 (1970).

See, McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S. Ct. 1458, 1474, 25 L.Ed.2d 785 (1970).

Because the record is free from any inference of impropriety on the part of the State in inducing appellant Turner's pleas of guilty, and because the record indicates that appellant Turner entered intelligent and understanding pleas of guilty, we can find no abuse of discretion by the trial court in denying appellant's motion to allow him to withdraw his previously entered pleas of guilty. The facts are insufficient to hold as a matter of law that psychological coercion induced appellant to enter involuntary pleas of guilty.

Judgment affirmed.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.