STATE of Missouri, Respondent,

v.

Dick WHITE, Appellant.

No. KCD 26787.

Missouri Court of Appeals,
Kansas City District.

Feb. 3, 1975.

R. M. Gifford, Gifford & Gifford, Green City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and TURNAGE, JJ.

WASSERSTROM, Justice.

Defendant and his wife were charged jointly with burglary of a farm house owned by Mr. and Mrs. Lionel Hays. The only issue on appeal is whether defendant should have been permitted to withdraw a plea of guilty made after trial had begun and reinstate his original plea of not guilty.

A jury had been duly empaneled and the prosecution presented all of its evidence. The State's case concluded with the testimony of Lionel Hays. Hays testified that two or three days after the burglary, defendant, together with his wife, father and two children, came to see him while he was working in his field. Hays testified the visitors stated, "if there was any damage done down there they would pay for it." Hays was asked at that time whether he was going to press charges and he testified that he responded, "no, I didn't reckon I would." According to Hays, the conversation continued, "I told him if they stayed out of there and leave it alone, that would be all there would be to it. He said, 'I'll sure do that,' I believe it was."

Immediately after the completion of Hays' testimony, defendant's counsel asked for a recess, which was granted. At the end of the recess, defendant's attorney announced defendant desired to change his plea from not guilty to guilty. The Court questioned defendant at some length con-

cerning his understanding of the charge and the voluntariness of his action. Thereupon, the Court accepted the change in plea, the State dismissed the charge against defendant's wife, and the jury was excused. Proceedings were then adjourned awaiting pre-sentencing investigation.

The pre-sentencing report submitted by the probation officer indicated that defendant was claiming innocence. The Court for that reason put defendant to further interrogation. In the course of this new interrogation, defendant stated, "Only thing I got to say is, I wasn't there and I wasn't in that house. That's all I got to say. You can do what you want to do." The Court at this point suggested defendant's counsel explore the situation further and continued the case.

Pursuant to that invitation by the Court, defendant's counsel filed a Motion to Withdraw Plea supported by defendant's affidavit. This affidavit set forth principally a claim of surprise by the testimony of Hays; that defendant had not made the statements in the visit to Hays as testified by Hays or any other statement which could reasonably be interpreted as an admission of guilt; that the testimony of Hays rendered defendant "confused and bewildered;" and that he was unfairly persuaded to plead guilty by "the gesture on the part of the Prosecuting Attorney to dismiss the charge against [defendant's] wife." An opportunity for hearing was afforded by the trial court; although defendant himself did not take the stand, he did offer the testimony of his father and wife for the purpose of contradicting Hays' testimony concerning what transpired at the meeting in Hays' field some days after the burglary. At the conclusion of this hearing, the Court made oral findings of fact and denied the motion. Proceedings relating to sentencing were then further continued.

At the subsequent resumption of the proceedings, the Court sentenced defendant to two years in prison. Thereupon, defend-ant's counsel asked leave to and did file a Motion to Vacate and Set Aside Sentence and to Withdraw Plea of Guilty. . This new motion was a reiteration of the Motion to Withdraw Plea previously filed. Since both covered the same ground, the Court found it unnecessary to have any further hearing or make any further findings and overruled the Motion to Vacate.

■ Defendant's single point on appeal is that: "Appellant should have been allowed to withdraw his plea of guilty since the plea was not knowingly and voluntarily made, in that it was induced by surprise, misapprehension and persuasion." The principal claim underlying this point is that defendant was so shaken and confused by the testimony of Lionel Hays, which defendant says was a complete surprise to him, that he could not exercise a clear judgment.

It would require extraordinary circumstances for trial testimony to be a sufficient "surprise" as to so shock the defendant to the extent of depriving him of ability to make free and independent judgment. Although such unusual circumstances might be conceived, the facts of this case cannot be so regarded. Although defendant was no doubt disappointed by the adverse nature of Hays' testimony and may have been somewhat surprised in this connection, nevertheless, that surprise was not extravagantly different from what occurs rather routinely in the trial of litigation.

Of special significance in mitigating the extent of the surprise here are the facts that the incident concerning which Hays testified was well known to defendant and his counsel; defendant knew that Hays would be called as a witness because his name was endorsed upon the information; defendant's counsel had taken the deposition of Hays; and the State's opening statement summarized the nature and scope of Hays' testimony. In view of all this knowledge by defendant, it strains credulity to believe that he was so shocked by

Hays' testimony that he lost all control of judgmental faculties.

Furthermore, defendant had the benefit of counsel of his own selection and had the opportunity for presence of his immediate family members for advice and counsel. The interruption of the trial by recess came at defendant's initiative, not that of the State. When the request for recess was made, the Court granted full opportunity for defendant and his counsel to confer and to hold whatever discussions they desired with others.

Still further, after the recess when defendant asked leave to change his plea, the Court engaged in extensive examination of defendant to make sure that the tendered plea of guilty was knowingly and voluntarily made. The Court asked defendant's counsel whether he had explained the guilty plea to his clients and counsel said he had. The Court then turned to an examination of defendant himself and asked him if he joined in his counsel's request to change his plea; if he understood that by changing his plea he was admitting the charge and the supporting facts; if he understood the nature of the charge and had discussed it fully with his counsel; if he was aware of the possible range of punishment; if he knew that any recommendation either the State or his attorney made was not binding on the Court; and if he had been informed that anything his attorney might have said the Court would do was not binding on the Court. To each of these questions defendant answered "yes." The Court then asked him if any promises had been made that would cause the plea of guilty; or if any threats or pressure other than the evidence being presented had been applied; if there was any question about his understanding the range of punishment. To each of these questions, defendant answered "no." Then the Court asked if defendant understood "that by entering a plea of guilty that you do admit that you entered this house on the date in-

dicated with the purpose of taking away property therein." To this defendant answered in the affirmative. Only after all this did the Court grant leave to withdraw and accept the plea of guilty.

What introduced some doubt for the first time concerning the change of plea was the pre-sentencing investigation report. With commendable conscientiousness, the trial court then renewed an interrogation of defendant. Then, for the first time, and wholly contradictory to what he had earlier answered the Court, defendant claimed innocence. Even though the plea had been made unequivocally in open court, nevertheless the new claim of innocence by defendant did raise some color of question as to whether defendant's guilty plea had in fact been voluntary within the meaning of Rule 25.04.

In recognition of this problem and in order to fully ascertain and confirm that defendant's plea had in fact been voluntary, the Court invited the filing of a motion under Rule 25.04 and when the motion was filed, gave full opportunity for an evidentiary hearing. The evidence produced by defendant at this hearing in the form of testimony of his father and wife did no more than to dispute certain aspects of the testimony of Lionel Hays. That evidence, even taken together with defendant's affidavit which strictly speaking was not evidence at all, fell far short of establishing any lack of voluntariness in the action by defendant in pleading guilty. The following summary and interpretation by the trial court of the results of all of the evidence must be accepted:

"I think there is no question but what there was surprise to counsel and perhaps the defendant as to the testimony of the witness, but this is not unusual in the trial of any case. * * *

"It would appear that the defendant, with this knowledge and having heard this testimony, decided that he would not

**354**

proceed with the trial with a submission to the jury . . .

\*   \*   \*   \*   \*   \*

" . . . this is a judgment which the defendant had the right to make under the circumstances and apparently did.

\*   \*   \*   \*   \*   \*

" . . . the Court does not feel that there is any new facts or circumstances which have been presented to the Court that would justify the Court in finding that the defendant was not aware of the nature of the charge, the range of punishment, the right to proceed with his trial, to present witnesses, that investigation had been made in preparation for trial, that the conversation had been related to counsel for the defendant, even though it may not have been repeated as counsel had been informed; that the defendant made a determination after conferring with his counsel that it no doubt would be better if he entered a plea of guilty rather than proceeding with the trial, and it was done.

"The Court finds the defendant knew all of these things and whether or not he now affirms the basis of the plea, that the defendant knowingly and voluntarily entered a plea of guilty, which was accepted by the Court, and which is again affirmed by the Court with the motion to withdraw plea overruled."

A subsidiary complaint made by defendant is that his guilty plea was coerced by an alleged promise by the State to dismiss charges against his wife if he did so plead. Even if it be assumed that such a bargain was made, which is denied by the State, that would not be grounds upon which to allow a withdrawal of the guilty plea. Latham v. State, 439 S.W.2d 737, 739 (Mo.1969) and cases there cited.

Affirmed.

All concur.