532 P.2d 926

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Ronald H. JACKSON, Defendant-Appellant.**

**No. 11554.**

Supreme Court of Idaho.

March 11, 1975.

Dennis E. Wheeler of Hull, Hull & Wheeler, Wallace, for defendant-appellant.

W. Anthony Park, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Ronald D. Bruce, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Defendant Ronald H. Jackson appeals from a judgment of conviction of the crime of second degree kidnapping. Although Jackson pled guilty to the charge, he refused to admit the commission of the acts constituting the crime. The primary issue on appeal is whether the trial court erred when it refused to allow Jackson to withdraw his guilty plea made at the time of the pre-sentence hearing.

The defendant was charged by an information with the crime of kidnapping in the second degree pursuant to I.C. § 18-4501 and § 18-4503. The information alleged that on or about June 10, 1973, in the county of Shoshone, Ronald H. Jackson kidnapped Heidi Mattmiller. At his arraignment on June 26, 1973, before District Judge James G. Towles, Jackson entered a plea of not guilty to the charge. Trial was set for August 20, 1973.

On August 13, 1973, at a hearing before District Judge Dar Cogswell, Jackson advised the court that he desired to change his plea to guilty of the second degree kidnapping charge; however, Jackson refused to admit commission of the acts constituting the crime. The state then presented two witnesses who were examined in regard to the crime. Heidi Mattmiller, the kidnap victim, testified that she was forced by a man holding a pistol to accompany him in his car. She identified the man as the defendant. She also identified a jacket introduced into evidence as the jacket worn by the defendant when she was kidnapped. She testified that she jumped from a moving car driven by the defendant and escaped by running to a nearby house. Dan Schierman, a Kellogg city policeman, identified a .22 caliber automatic pistol as the pistol found in Jackson's automobile when he searched the vehicle. After hearing this testimony, the court held that "there [was] sufficient basis for the plea of guilty" and accepted the plea.

A pre-sentence hearing was held before District Judge James G. Towles on September 10, 1973. Jackson moved the court to allow him to withdraw his guilty plea. The district judge denied the motion, holding that the guilty plea had been freely and voluntarily given.[1] At the conclusion of the hearing, Jackson was sentenced to the custody of the Idaho State Board of Corrections for a period not to exceed fif-

---

1. Throughout the district court proceedings, Jackson was represented by counsel other than the counsel who argued this appeal.

teen years. From the judgment of conviction and the imposition of the sentence Jackson appealed.

■ The decisive issue on this appeal is whether the trial court erred in not granting the defendant's motion to withdraw a plea of guilty when the defendant denied commission of the acts constituting the elements of the crime. I.C. § 19–1712 allows four kinds of pleas to an indictment [2]—guilty; not guilty; a former judgment of conviction or acquittal of the offense charged; and once in jeopardy.[3]

■ A plea of guilty usually includes an admission by the defendant that he committed the acts of the crime charged as well as consent by the defendant to the entry of judgment against him without a trial. *Accord,* Clark v. State, 92 Idaho 827, 452 P.2d 54 (1969). See, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L. Ed.2d 747 (1970); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L. Ed.2d 418 (1969). See also, Lockard v. State, 92 Idaho 813, 451 P.2d 1014 (1969); State v. Turner, 95 Idaho 206, 506 P.2d 103 (1973). But see, State v. Martinez, 89 Idaho 129, 403 P.2d 597 (1965).

However, the United States Supreme Court, in North Carolina v. Alford, supra, has held that an express admission of guilt "is not a constitutional requisite to the imposition of a criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. 37, 91 S.Ct. 167. The plea at issue in the Alford case was similar to Jackson's plea; Alford pled guilty to a second degree murder charge although he testified that he did not commit the murder. The prosecution presented two witnesses who testified that "Alford took his gun from the house, stated his intention to kill the victim, and returned home with the declaration that he had carried out the killing". 400 U.S. 28, 91 S.Ct. 162. The Supreme Court analogized the plea to a plea of *nolo contendere,* holding that there was no constitutionally significant difference between Alford's plea and a plea of *nolo contendere.* 400 U.S. 37, 91 S.Ct. 160.

The Supreme Court, in the Alford case, recognized that a state may impose stricter standards for a guilty plea.

> "Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court [citation omitted], although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence." 400 U.S. at 38, 91 S.Ct. at 168.

Thus, this court may reject a plea of the nature that Jackson offered if such a plea does not conform to state law. Also, in this case, unlike North Carolina v. Alford, supra, the defendant, prior to entry of judgment, moved to withdraw his plea of guilty.

This court has approved the acceptance of a guilty plea although the defendant stated to the trial judge that he could not remember the incident for which he was charged.

> "Defendant contends the court erred in directing the entry of a plea of guilty, in view of defendant's statement at the

---

2. "The first pleading on the part of the people is the indictment." I.C. § 19–1408. Therefore, I.C. § 19–1712 applies to pleas to an information as well as to an indictment returned by a grand jury. See, I.C. § 19–1103.

3. See also, I.C. § 18–207, which recognizes the defense of mental incapacity, and I.C.R. 11.

time that he did not recall the incident. During his extensive examination before the court, defendant gave no logical or acceptable reason why he could not remember the 'incident.' Furthermore, at the continued hearing the defendant was given the opportunity to change his plea. After conferring with his counsel he declined to do so and chose to leave the plea at [sic] it was. The court made it clear to the defendant that the court regarded his plea as an unqualified plea of guilty. It is also clear from the record that defendant, at the time he declined the opportunity to change his plea, intended to let his plea stand as an unqualified plea of guilty." State v. Martinez, 89 Idaho 129, 138, 403 P.2d 597, 602 (1965).

The Martinez case can be distinguished from the case at bar because the plea was taken by the trial court as an "unqualified plea of guilty" without objection by the defendant or his counsel and because the defendant was given a specific opportunity at a later date to withdraw his plea, which he declined. Moreover, in the Martinez case, the court did not have to reach the question of whether a guilty plea without an admission of the facts was sufficient under I.C. § 19-1712, for it found that the plea was an unqualified plea of guilty.

In the instant case it is to be recalled that on his arraignment to the charge in the information on June 26, 1973, before Hon. James G. Towles, district judge, the defendant pleaded not guilty to the charge, and the case was set for a jury trial on August 20, 1973. On August 13, 1973, before Hon. Dar Cogswell, district judge, the defendant through his counsel advised the court that he desired to change his plea of not guilty to a plea of guilty, but that he would not admit all the facts stated in the charge, and this plea was accepted. The trial court ordered a pre-sentence investigation and set the pre-sentence hearing for September 10, 1973. At the pre-sentence hearing before Hon. James G. Towles, prior to the time the defendant saw the

pre-sentence report, the defendant by his counsel advised the court that he had not read the pre-sentence investigation report but that he wished to change his plea of guilty to not guilty. His motion to change his plea was denied.

This court has considered several cases pertaining to the withdrawal of pleas of guilty. In State v. Raponi, 32 Idaho 368, 182 P. 855 (1919), this court considered a motion for withdrawal of a plea of guilty in light of the provisions of C.L. 7757 (I.C. § 19-1714) and held in effect that the withdrawal of a plea of guilty is a discretionary matter with the trial court and that the discretion should be liberally exercised —only as to the question of whether the trial court has exercised judicial discretion as distinguished from arbitrary action. Subsequent cases which have reiterated such standard are: State v. Martinez, 89 Idaho 129, 403 P.2d 597 (1965); State v. Thurlow, 85 Idaho 96, 375 P.2d 996 (1962); State v. Lawrence, 70 Idaho 422, 220 P.2d 380 (1950). This court has also held that on appeal, refusal of permission to withdraw a plea of guilty can be reviewed only as to the question of whether the trial court has exercised judicial discretion as distinguished from arbitrary action. State v. Raponi, supra.

■ A distinction is also made as to when the motion to withdraw a plea of guilty is made, i. e., whether it is made before or after judgment is entered. State v. Arnold, 39 Idaho 589, 229 P. 748 (1924). Idaho Criminal Rule 32(d) makes a distinction between the standards applicable on a motion to withdraw a plea before judgment and after judgment. That rule provides:

"(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

This particular rule is almost identical to Rule 32(d) Fed.Rules of Crim.Proc. See, 6 A.L.R.Fed. 655 (1971) for annotation. A valid reason for the distinction of the standards applicable for withdrawal of a guilty plea prior to sentence as compared to withdrawal after sentence was set out in Kadwell v. United States, 315 F.2d 667 (9th Cir. 1963). Therein that court stated:

"* * * Rule 32(d) imposes no limitation upon the withdrawal of a guilty plea *before* sentence is imposed, and such leave 'should be freely allowed.' (Citations omitted.) On the other hand, withdrawal of a guilty plea *after* sentence is conditioned by Rule 32(d) upon a showing of 'manifest injustice.' This distinction rests upon practical considerations important to the proper administration of justice. Before sentencing, the inconvenience to the court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence were unexpectedly severe. The result would be to undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process." 315 F.2d at 670.

A.B.A. Standards, Pleas of Guilty, § 2.-1(b) (1968), provides:

"In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

■ It is the conclusion of this court that when the defendant entered a plea of guilty but conditioned such plea with a statement to the effect that he did not admit the facts of the charge, and prior to sentencing the defendant then moved to withdraw the plea of guilty, it was an abuse of discretion by the trial court not to grant such motion. Thus, the judgment on which the plea of guilty was entered must be set aside, and the cause remanded with directions for the trial court to allow the defendant to change his plea to not guilty and set the case for trial.

McQUADE, C. J., and DONALDSON and BAKES, JJ., concur.

SHEPARD, J., dissents without written opinion.