540 P.2d 267

**The STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Cleo Gene RODERICK, Defendant-Appellant.**

**No. 11592.**

Supreme Court of Idaho.

July 28, 1975.

Owen L. Knowlton, of Knowlton & Miles, Lewiston, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

Defendant appellant Cleo Gene Roderick was arrested and charged with robbery in Lewiston on October 18, 1973. He entered a plea of not guilty at the arraignment hearing on November 1, 1973, and indicated to the court that he would rely on the defense of mental disease or defect excluding responsibility. The court ordered the State Board of Health to conduct a psychological and psychiatric evaluation of the defendant which was made available to the court and the parties in early January. At a hearing on January 23, 1974, the defendant withdrew his plea of not guilty and substituted a plea of guilty to the robbery charge. The plea of guilty was entered by the defendant with the understanding through negotiations between defendant's counsel and the prosecutor that the maximum sentence imposed would not exceed fifteen years. After questioning the defendant concerning the voluntariness of his guilty plea, the court accepted the guilty plea and delayed sentencing until after a mitigation hearing. After that hearing the defendant was sentenced for a period of up to fifteen years in the Idaho penitentiary.

The defendant challenges the judgment of conviction in two respects. First, he claims the guilty plea was not made freely and voluntarily with a full awareness of the possible consequences of his act, and secondly, he alleges several errors in the sentencing procedure.

■ The question whether a plea of guilty is voluntarily made must be carefully considered because by pleading guilty a criminal defendant is waiving constitutional rights, i. e., the right to trial by jury, the right to confrontation, etc. The record must clearly reveal that the defendant knowingly and voluntarily made such a waiver. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The record in this case shows that the court carefully advised the defendant of his rights, the consequences of a plea of guilty, and questioned the defendant as to whether his waiver was voluntary, specifically stating that the court was not bound by any promise of leniency made by others. The defendant's attorney informed the court that negotiations had been made with the prosecuting attorney, and the state had agreed that it would ask for a maximum sentence not to exceed fifteen years. He then stated:

"We have also discussed this with the Court and, as I understand, it would be with the understanding that if Mr. Roderick does have a prior felony record—and I'll state for the record that he does have—that he might—that the 15-year maximum might be imposed upon him by this Court. It is the understanding of Mr. Roderick at this time that—I believe it to be correct, that he might receive a 15-year maximum sentence provided he does have a prior felony record." (Rptr. Tr., pp. 12–13).

The court thereupon questioned Mr. Roderick concerning his understanding of the negotiations:

"THE COURT: All right, Mr. Roderick, you understand then that in the event in this case it is shown to the Court that you had a prior conviction

for this offense that you could, by pleading guilty, subject yourself to a possible sentence to the Idaho State Penitentiary up to a maximum of 15 years. Are you aware of that?

"MR. RODERICK: Yes, Your Honor." (Rptr.Tr., p. 13).

The court then accepted the defendant's plea of guilty.

 Roderick argues that he was under extreme psychological pressure to plead guilty because the maximum term for robbery is life imprisonment and the offer of a maximum fifteen year sentence as negotiated was thus his only alternative. While the options available to Roderick may have played a part in his decision, we do not agree that the offer of less than a life sentence constituted coercion which made the waiver involuntary. He had seen the psychiatric evaluation report and recommendation. He had the advice of counsel. He was fully advised of his rights and the possible consequences of choosing either alternative. This was definitely a case where "a defendant intelligently concludes that his interests require entry of a guilty plea . . . ." *North Carolina v. Alford,* 400 U.S. 25, 38, 91 S.Ct. 160, 167, 27 L.Ed. 2d 162 (1970); *see State v. Turner,* 95 Idaho 206, 506 P.2d 103 (1973).

The challenges to the sentencing procedure are interrelated and will be discussed together. Mr. Roderick alleges that the fifteen year sentence is excessive, that the court failed to consider probation as an alternative to incarceration, that the court imposed sentence without benefit of a presentence investigation and that the court did not consider all the facts and circumstances surrounding the offense.

At the mitigation hearing held prior to imposition of sentence, defendant produced witnesses and testified on his own behalf. The thrust of the testimony tended to show that he was recently married and his wife and four children needed his support, that since his arrest he had experienced a religious change of heart, that he was not a violent person but he needed psychiatric help, and that he had, during a previous commitment in the Oregon penitentiary, been instrumental in organizing a program among inmates which performed various good works for the public.

On cross examination, however, the defendant admitted that he had been out of prison only three and a half months before he had committed the present robbery, and he had been in prison in Oregon for approximately nine years for the same offense. In addition he had previously served two sentences in the Idaho penitentiary of approximately three to four years each and another two years in the Colorado penitentiary. He had escaped twice from minimum security confinement—once in Oregon and once in Colorado.

This Court has held numerous times that the sentence imposed is generally within the trial court's discretion and will not be disturbed on appeal unless a clear abuse of discretion is shown. I.C. § 19–2601. *State v. Standlee,* 96 Idaho 165, 525 P.2d 360 (1974); *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973).

In this case the defendant did not request the trial court for probation and it is clear from the discussion quoted above that the possibility of probation was very slight in light of his criminal record. In *State v. Whitman,* 96 Idaho 489, 531 P.2d 579 (1975), we declared:

"The trial judge need not require a presentence report in every criminal case. The ordering of such a report is within the discretion of the court. Where the defendant does not request the withholding or suspension of sentence and the disposition of probation, no presentence investigation need be made." 531 P.2d at 581.

*See* I.C. § 20–220, and I.C.R. 32, regarding the statutory requirement of a presentence investigation.

 Here the court held a mitigation hearing wherein the defendant's past history, his personal problems, and circum-

stances surrounding the offense were discussed in detail. In addition, the court had the benefit of the psychiatric evaluation report and recommendations. That report advised that Mr. Roderick required a "heavily supervised type of professional help."

We find no error in the sentencing procedure utilized by the trial court. In light of the defendant's prior criminal record, the sentence is not excessive and it was not an abuse of discretion to reject probation as an alternative to incarceration. A presentence investigation was not mandated here.

Affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.