765 P.2d 162

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John HOCKER, Defendant–Appellant.**

**No. 17145.**

Court of Appeals of Idaho.

Dec. 6, 1988.

Terry S. Ratliff, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

The sole issue in this appeal is whether the district court abused its discretion by refusing to allow a criminal defendant to withdraw his guilty plea. Holding that the defendant did not present a just reason to withdraw the plea, we uphold the court's decision and affirm the judgment of conviction.

The facts may be summarized briefly. John Hocker was charged with three counts of delivering a controlled substance, methamphetamine, in violation of I.C. § 37–2732. By negotiated agreement, he pled guilty to one count; the others were dismissed. When Hocker entered his guilty plea, the judge questioned him extensively to ascertain that the plea was made knowingly, intelligently, and voluntarily. Later, on the day set for sentencing, Hocker moved to withdraw the plea. He presented two grounds for his motion. First, he expressed a desire to confront an informant who had told law enforcement officers about his drug activities. Second, he claimed that he had not admitted his guilt unconditionally. The motion was denied.

Motions to withdraw guilty pleas fall into three categories, depending upon the stage of the judicial process at which

they are made. The least favored category consists of motions filed after sentencing. Defendants making these motions must demonstrate that manifest injustice will result if their pleas are not withdrawn. I.C. R. 33; *State v. Freeman*, 110 Idaho 117, 714 P.2d 86 (Ct.App.1986). At the other end of the spectrum, motions made before sentencing invoke the broad discretion of the court. *State v. Henderson*, 113 Idaho 411, 744 P.2d 795 (Ct.App.1987). The judge is encouraged to exercise his discretion liberally in these cases. *State v. Freeman, supra.* The defendant need only advance a just reason to withdraw his plea. *State v. Ballard*, 114 Idaho 799, 761 P.2d 1151 (1988). When such a reason is presented, relief will be granted absent a strong showing of prejudice by the state.

██ Finally, a third category represents a hybrid of the other two. It consists of motions made before sentencing but after the defendants have read presentence reports or otherwise have received information about their probable sentences. In this type of case the court will exercise broad discretion, but may temper its liberality by weighing the defendant's apparent motive. *State v. Howell*, 104 Idaho 393, 659 P.2d 147 (Ct.App.1983).

In this case, as noted, Hocker submitted his motion on the day of sentencing. The record suggests that he may have anticipated a substantial prison sentence, arguably bringing his motion into the third, hybrid category.[1] However, we need not resolve the categorization issue today, for we believe that Hocker has failed to establish a just reason for plea withdrawal which would entitle him to relief under even the most lenient standard.

██ In support of his motion, Hocker has argued that his desire to confront the informant was a sufficient ground, by it-self, to withdraw his plea. We disagree. Hocker has not identified any questions he might have asked, or any other benefit his defense might have gained, if the informant had testified at trial. Indeed, Hocker voluntarily waived the right to confront the informant, or any other potential witness, when he entered his plea. Thus, Hocker's argument boils down to his bare desire to exercise a voluntarily waived right. We hold that, without more, this does not constitute a just reason to withdraw a valid, carefully entered plea.[2]

Moreover, if Hocker's argument were accepted, it would enable a defendant, at any time before sentencing, to cancel a plea bargain unilaterally by expressing a wish to exercise rights which he relinquished in exchange for concessions by the state. In effect, the state would be the only party bound by the plea-bargain agreement. We acknowledge that the practice of plea bargaining is not universally favored; but it cannot be gainsaid that where the practice exists, it demands mutuality of obligation under the agreements reached.

██ Hocker's second argument is that when he entered his plea, he allowed his attorney to summarize the details of his offense, rather than stating them himself. Consequently, he contends, his admission of guilt was not full and unconditional. Hocker relies upon *State v. Jackson*, 96 Idaho 584, 532 P.2d 926 (1975). In *Jackson*, the defendant pled guilty, but conditioned his plea with a statement that he did not admit the facts of the charge. *Id.* at 588, 532 P.2d at 930. Our Supreme Court held that the trial court's denial of the defendant's motion to withdraw such a conditional plea was an abuse of discretion.

In our view, *Jackson* is inapposite here. Hocker did not make a statement refusing

---

**1.** After denying Hocker's motion to withdraw the plea, the judge conducted the sentencing hearing. Hocker ultimately received an indeterminate sentence of three years in prison.

**2.** In presenting Hocker's motion to withdraw the plea, defense counsel made a vague allusion to "newly discovered evidence" of possible criminal activity by the informant. However, this evidence was never described. We think the attorney's passing comment was insufficient to demonstrate a just reason for withdrawing Hocker's plea. Of course, we do not suggest that newly discovered evidence never can be an adequate ground to withdraw a plea. We simply hold that the nature of the evidence, and its potential relevance to this case, were not sufficiently established on the record.

to admit the facts showing commission of the crime charged. Rather, he freely admitted his guilt on each element of the crime. Moreover, when asked whether he believed he was innocent, he stated that he was guilty. We hold that the district judge correctly treated Hocker's plea as unconditional.

We conclude that the district judge acted within his sound discretion in denying Hocker's motion to withdraw a valid guilty plea. The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.