**Donald L. PHILLIPS,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16195.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 15, 1990.

Motion for Rehearing or to Transfer to Supreme Court Denied May 29, 1990.

Application to Transfer Denied
July 31, 1990.

Peggy D. Wilson, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant, Donald L. Phillips, was charged with ten offenses. One charge was possession of marijuana. The remainder were receiving stolen property, stealing and burglary. His wife was named as a joint defendant in one charge. Pursuant to a plea agreement, movant entered a plea of guilty to the charges against him and was sentenced to a term of ten years on each of eight charges and seven years on each of two charges, the sentences ordered to run concurrently. By a motion under Rule 27.-26 [1], he seeks to set aside those sentences and withdraw his pleas of guilty. Following an evidentiary hearing his motion was denied. He states two points on appeal.

Two well established principles control the disposition of this case.

"The credibility of witnesses is for the motion court's assessment, and it may reject testimony even though no contrary evidence is offered. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986). The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987)." *Eddes v. State*, 776 S.W.2d 463, 465 (Mo.App.1989).

"Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous." *Jones v. State*, 773 S.W.2d 156, 157 (Mo.App.1989).

The movant's first point is that the motion court erred because he was coerced into entering the guilty pleas. He bases this point upon testimony that the police were harassing him by repeated searches of his residence, surveillance, vehicle stops and arrests. He further complains that his friends were also subjected to such activity. Finally, he cites the fact his wife was named as a codefendant in a charge of receiving stolen property and the charge against her was dismissed as a part of the plea bargain.

The state presented evidence that established the following background for the charges. Law enforcement officers had reason to believe movant and his friends were heavily involved in dealing in stolen property. They used illegal drugs. Surveillance was employed for the purpose of developing evidence of criminal activity. The vehicle stops were for probable cause. The multiple and successive charges resulted from the sequential development of evidence upon which those charges were based. The searches in question were pursuant to search warrants.

The following incidents are examples of the information known by and the commendable activities of the law enforcement officers. Movant, Keith Strawhun and Steve Agee were long-time friends. Agee is a cousin of movant's wife. The execution of a search warrant disclosed a large quantity of stolen property at the residence of Strawhun. As the evidence developed, movant was charged with selling items of stolen property to Strawhun. On one occasion, movant and two other men came from movant's apartment and got into a vehicle. Movant attempted to conceal himself in the back seat. In driving to another location, one of the other men violated a traffic regulation. The vehicle was stopped. There was a loaded revolver under the driver's legs. A search of the vehicle revealed a stolen handgun, and a quantity of marijuana and drug paraphernalia.

---

**1.** Movant's sentences were pronounced before and his motion under Rule 27.26 was pending on January 1, 1988. Postconviction relief is governed by the provisions of former Rule 27.-26.

A legitimate continuing investigation of an individual reasonably suspected of criminal activity does not constitute improper harassment. Nor does the filing of successive charges against a defendant or his associates. "Petitioner must show that he was subjected to threats or promises of illegitimate action." *Latham v. State*, 439 S.W.2d 737, 739 (Mo.1969). The fact a plea agreement is premised upon the dismissal of charges or the imposition of less than the maximum punishment does not cause a resulting plea of guilty to be a product of coercion so as to be involuntary. *Isom v. State*, 776 S.W.2d 63 (Mo.App.1989); *Hill v. State*, 661 S.W.2d 71 (Mo.App.1983). This is true in respect to the dismissal of the charge against movant's wife.

"A subsidiary complaint made by defendant is that his guilty plea was coerced by an alleged promise by the State to dismiss charges against his wife if he did so plead. Even if it be assumed that such a bargain was made, which is denied by the State, that would not be grounds upon which to allow a withdrawal of the guilty plea. *Latham v. State*, 439 S.W.2d 737, 739 (Mo.1969) and cases there cited." *State v. White*, 519 S.W.2d 351, 354 (Mo.App.1975).

The findings of the trial court include the following:

"Movant[ ] acknowledged his plea of guilty was:

1. Not a result of threats or promises;

2. That the plea agreement was trughful [sic];

3. That the plea agreement was intended to be considered by the Court;

4. That the plea was no promise for leniency;

5. That the defendant's constitutional rights were discussed with him;

6. That the Movant was of age and mentally competent.

At the evidentiary hearing Movant only presented evidence on the issue of threats or promises. Movant failed to carry his burden in establishing that police misconduct constituted harrassment [sic]. At the evidentiary hearing, Officer Dennis Lewis testified that each time the Movant's house was searched, the search was conducted pursuant to a search [warrant]. Officer Lewis also testified that all the traffic stops made where the Movant was present were for valid legal reasons. Movant presented no creditable [sic] evidence to contradict Officer Lewis' testimony."

It was proper to reject the testimony of the movant. The above findings were supported by the evidence and are not erroneous. The movant's first point is denied.

The movant's second point is that the court erred because he was unable to understand and comprehend the guilty plea proceedings because he was suffering withdrawal symptoms. At the motion hearing, movant testified to this effect. The motion court expressly found the movant did not establish this contention. The record of the plea proceedings demonstrates the movant appropriately responded to all questions directed to him. *Elmore v. State*, 748 S.W.2d 860 (Mo.App.1988). Trial counsel testified movant never complained of withdrawal symptoms and appeared to comprehend the proceedings. *Simmons v. State*, 621 S.W.2d 364 (Mo. App.1981). Of course, even in the absence of such evidence, it was within the province of the motion court to disbelieve movant's self-serving testimony. *Stock v. State*, 740 S.W.2d 247 (Mo.App.1987). The motion court's rejection of movant's contention is supported by the record. The movant's second point has no merit and the judgment is affirmed.

HOGAN, C.J., and FLANIGAN, P.J., concur.