**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44749**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 6, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JASON BRAD HJELM, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Jason Brad Hjelm appeals from his judgment of conviction for possession of a controlled substance. Hjelm argues that the district court abused its discretion in denying his motion to continue the hearing on his motion to withdraw his guilty plea and in denying his motion to withdraw his guilty plea. For the following reasons, Hjelm's judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hjelm was traveling as a passenger in a vehicle when a police officer stopped the vehicle because the owner's license had expired. While discussing the issue of the expired driver's license with the driver, the officer detected the odor of marijuana coming from the vehicle. The officer proceeded to search the vehicle, at which time he discovered a crystal-like substance in a container under the passenger seat. Hjelm was placed under arrest and searched. During the

1

search incident to arrest, methamphetamine was found on his person. In addition, a pipe smelling of marijuana with marijuana residue on it was found on his person. Hjelm was charged with possession of a controlled substance and possession of drug paraphernalia.

Hjelm filed a motion to suppress the physical evidence obtained pursuant to his seizure, as well as statements made prior to Hjelm being provided *Miranda* warnings.[1] However, at the hearing that was scheduled on the motion, Hjelm pleaded guilty to possession of a controlled substance. Prior to sentencing, Hjelm moved to withdraw his plea, arguing that it was made involuntarily as he had not been properly advised as to the facts of the case. At the sentencing hearing, the district court granted Hjelm's motion to withdraw the plea.

After obtaining new counsel, Hjelm filed a combined motion supplementing his motion to suppress and a motion to dismiss. A hearing was held on the motion to suppress. The court denied the motion to suppress except as to the statements made prior to Hjelm being provided *Miranda* warnings. The case proceeded to trial. On the morning of trial, the parties entered into a plea agreement in which Hjelm agreed to plead guilty to possession of a controlled substance, and the State agreed not to oppose a withheld judgment and not to ask for more than thirty days of jail time.

Five days prior to sentencing, Hjelm, acting pro se, filed a motion to execute a stay of the proceedings and abate further proceedings, a motion to withdraw attorney of record, and a motion for continuance. At the hearing scheduled for sentencing, the district court continued the sentencing hearing and denied Hjelm's other motion without prejudice so as to allow Hjelm to hire new counsel who could bring up the matter. Hjelm proceeded to file additional pro se motions and petitions. At the next hearing, Hjelm informed the court that he would like appointed counsel, and the district court appointed the public defender.

At the subsequent sentencing hearing, counsel for Hjelm requested a continuance, which was denied. Counsel then framed Hjelm's pro se motion to execute a stay of the proceedings and abate further proceedings as a motion to withdraw his plea and argued that the court should grant the motion. The district court denied the motion to withdraw the plea. The district court entered a judgment of conviction for possession of a controlled substance, a violation of Idaho Code § 37-2732(c)(l), and imposed a unified sentence of five years, with a minimum period of

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

confinement of two years, suspended the sentence and placed Hjelm on probation for a period of five years. Hjelm appealed.

## II.

## ANALYSIS

### A. Denial of Motion to Continue the Hearing on Motion to Withdraw Guilty Plea

At the second sentencing hearing, defense counsel argued for a continuance because Hjelm believed the district court stated that his motion to withdraw his plea would be granted once a public defender was appointed. Also, Hjelm wanted more time to conduct discovery, specifically to receive dispatch calls, dispatch logs, and 911 records that would allegedly impeach the testimony of the officer who made the stop. The State argued that the district court never stated that it would automatically grant Hjelm's motion to withdraw his plea and that additional discovery was unwarranted because "not a mere scintilla of evidence" exists to suggest that there are dispatch records containing impeachment evidence. The district court denied the motion to continue because Hjelm had a "full opportunity at [the suppression hearing] to cross-examine" the officer about his motives for initiating the stop. The district court also noted that the request for dispatch records "seems like a fishing expedition that's being used to once again postpone this matter."

On appeal, Hjelm narrows his argument to the issue regarding the need for additional time to gather dispatch records. Specifically, Hjelm argues that these records could possibly have given him the ability to impeach the officer's credibility at trial, thus providing good cause to withdraw his plea, and therefore the district court failed to reach its decision through an exercise of reason. The State responds that the district court properly considered the numerous delays preceding this particular request for a continuance. The State also renews its argument that Hjelm's belief that the dispatch records will reveal impeachment evidence is not based on any evidence in the record.

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision in a criminal case is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of

3

reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Generally, it has been held that unless an appellant shows that his or her substantial rights have been prejudiced by reason of a denial of his or her motion for continuance, appellate courts can only conclude that there was no abuse of discretion. *State v. Cagle*, 126 Idaho 794, 797, 891 P.2d 1054, 1057 (Ct. App. 1995).

The district court, in denying Hjelm's motion to continue, reasoned that Hjelm had already had an opportunity to inquire into the existence of the alleged impeachment evidence. *See State v. Griffith*, 144 Idaho 356, 360-61, 161 P.3d 675, 679-80 (Ct. App. 2007) (affirming denial of motion for continuance because the defendant had months to request a pretrial ruling on the admissibility of a prior charge, yet the defendant waited until days before trial to address the issue and request a continuance). Moreover, in light of Hjelm's decision to withdraw his guilty plea prior to sentencing once before, the district court was not acting unreasonably when it considered Hjelm's motion to continue to attempt to obtain dispatch records "a fishing expedition that's being used to once again postpone this matter." *See State v. Carman*, 114 Idaho 791, 793, 760 P.2d 1207, 1209 (Ct. App. 1988) (affirming denial of defendant's motion for continuance to seek new counsel, noting that the timing of the motion for continuance, number of similar continuances, and whether the delay is an attempt to manipulate the proceedings are all factors to be considered); *see also State v. Daly*, 161 Idaho 925, 929, 393 P.3d 585, 589 (2017) (affirming denial of Daly's motion to continue so that he could obtain substitute counsel when the sentencing hearing had previously been delayed at Daly's request, as the previous delays strongly suggested Daly desired to postpone sentencing). The record supports the district court's conclusion that Hjelm was merely delaying the inevitable by moving for a continuance for the purpose of searching for possibly nonexistent impeachment evidence. Because the district court based its decision on relevant factors, we cannot say the district court failed to reach its decision through an exercise of reason.

## B.    Denial of Motion to Withdraw Guilty Plea

At the hearing below, Hjelm argued he should be allowed to withdraw his guilty plea for the second time for three reasons. First, he argued that he was not advised that he would not have the ability to appeal the district court's ruling on the suppression motion.[2] Second, he contended that his guilty plea was not made voluntarily, as he felt intimidated by the prosecutor's

---

[2]    Hjelm abandons this argument on appeal.

4

statement before trial that if Hjelm were to walk into the courtroom, the prosecutor would recommend two years in prison. Finally, Hjelm argued that he should be allowed to conduct additional discovery concerning the dispatch records because he believed the records would reveal a conspiracy against him, which he could use to impeach the officer who stopped the vehicle he was traveling in. The State responded that the prosecutor did not commit misconduct by telling Hjelm he would seek prison time. However, defense counsel had previously clarified that he was not accusing the prosecutor of misconduct, merely stating that Hjelm felt coerced into accepting the plea deal because of what the prosecutor said.

The district court denied Hjelm's motion to withdraw his guilty plea, rejecting the argument that it was rendered involuntary by the prosecutor's statements and concluding that Hjelm had not established "sufficient evidence" to warrant withdrawal of his plea. The district court explained in some detail why it was finding that Hjelm knowingly, intelligently, and voluntarily waived his right to a jury trial and established a factual basis for his plea. The district court's reasoning was as follows:

> He went ahead and pled guilty, and he did that only after extremely careful and cautious and painstaking questioning by the Court in which the Court specifically addressed the fact that this was his second time pleading guilty. And I expressly told him that if he pled guilty a second time and then tried to withdraw it, it was highly unlikely that the Court would grant that.
> So I believe that the Defendant went into his second guilty plea with his eyes completely wide open. I found then--and I again affirm my prior finding just after listening to this testimony again--that the Defendant made a knowing, intelligent, and voluntary waiver of his right to a jury trial, that he was competent to do so, and that he established a factual basis for his plea.

The district court did not address the dispatch records issue, presumably because it had already explained its reasoning when denying the continuance motion.

On appeal, Hjelm asserts that he was intimidated by the threat of prison time and only pleaded guilty because of that threat. Hjelm also contends that he did not have the opportunity to review the alleged impeachment evidence. For these reasons, Hjelm submits that the district court abused its discretion by failing to reach its decision through an exercise of reason. The State addresses the issue of involuntariness by asserting that Hjelm's own testimony shows that he knowingly, intelligently, and voluntarily pleaded guilty because he was in fact guilty. The State also argues that if a defendant could challenge the voluntariness of his plea simply because

he entered into the plea agreement to avoid a worse outcome, then every plea deal would be subject to challenge on those grounds.

Whether to grant a motion to withdraw a guilty plea lies within the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after the sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. When a defendant seeks to withdraw a guilty plea before sentencing, the court is to exercise liberal discretion, and the defendant need only present a just reason to withdraw his plea. *State v. Hocker*, 115 Idaho 137, 139, 765 P.2d 162, 164 (Ct. App. 1988). When such a reason is presented, relief will be granted absent a strong showing of prejudice by the State. *Id.*

### 1.    Intimidation issue

A guilty plea is not rendered involuntary by the prosecutor threatening to seek a greater sentence, including the death penalty. *See State v. Roderick*, 97 Idaho 82, 84, 540 P.2d 267, 269 (1975) ("While the options available to Roderick may have played a part in his decision, we do not agree that the offer of less than a life sentence constituted coercion which made the waiver involuntary."); *see also Brady v. United States*, 397 U.S. 742, 755 (1970) (explaining that "a plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty"); *State v. Johnson*, 907 P.2d 150, 153 (Mont. 1995) (explaining that "a plea is not involuntary simply because it was entered to avoid a greater punishment"). The prosecutor is also at liberty to use the availability of filing additional, legitimate charges as a bargaining chip in plea negotiations. *Stone v. State*, 108 Idaho 822, 825, 702 P.2d 860, 863 (Ct. App. 1985); *see Phillips v. State*, 792 S.W.2d 23, 25 (Mo. Ct. App. 1990) ("The fact a plea agreement is premised upon the dismissal of charges or the imposition of less than the maximum punishment does not cause a resulting plea of guilty to be a product of coercion so as to be involuntary."). Generally speaking, a plea is not rendered involuntary by the prosecutor threatening to take an action permitted by law and within his authority. *See Gibson v. State*, 456 N.E.2d 1006, 1009 (Ind. 1983) (holding that although "a threat by a prosecutor to do what the law will not permit" will render a plea

involuntary, a plea is not rendered involuntary by the prosecutor threatening to do what the law allows).

The underlying rationale in the aforementioned cases is that "defendants advised by competent counsel and protected by other procedural safeguards are presumptively capable of intelligent choice in response to prosecutorial persuasion, and unlikely to be driven to false self-condemnation." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). There is nothing in the record suggesting that Hjelm's counsel was incompetent. Moreover, the district court, thoroughly and for the second time, explained in detail the consequences of entering a guilty plea. *See State v. Arthur*, 145 Idaho 219, 222-23, 177 P.3d 966, 969-70 (2008) ("At the withdrawal hearing the district court found that at the time Arthur's guilty plea was entered, Arthur was fully informed on what he was pleading guilty to and the consequences of that plea."). In particular, the district court informed Hjelm that if he were to plead guilty again, "the Court would likely be less inclined to grant" a second motion to withdraw the plea. Hjelm was also told that he faced a maximum sentence of seven years in prison, but that the State was recommending thirty days of local jail time as part of the plea deal. Hjelm's claim of coercion is also belied by his own testimony:

> THE COURT: Has anyone threatened or intimidated you or someone close to you to get you to plead guilty?
> THE DEFENDANT: No.

Accordingly, Hjelm has failed to show how the prosecutor's statements constitute just reason for allowing withdrawal of his guilty plea prior to sentencing.

### 2. Dispatch records issue

Hjelm, through his attorney, informed the district court that he believed that a landowner, on whose land Hjelm had trespassed, and the police had conspired to have the driver stopped so that the police could conduct a search. Hjelm desired to withdraw his guilty plea and proceed to trial where he would use dispatch records, which may or may not even exist, to impeach the officer who effectuated the stop. As noted above, a defendant may withdraw his guilty plea prior to imposition of his sentence for "just reason." *Hocker*, 115 Idaho at 139, 765 P.2d at 164. This places the burden on the defendant to demonstrate a justification for withdrawal of the guilty plea. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009). This burden may require the defendant to present new evidence depending upon the basis for the motion--whether it turns upon matters that appear in the court's record, or that occurred in open court, or alleged

7

events that occurred outside of the judicial proceedings and that the State has not acknowledged or stipulated to. *Id.* Here, the motion was predicated on alleged facts about a dispatch conversation implicating coordination between the police officer and Hjelm's landlord that do not appear in the record and which the State has not conceded. Therefore, an evidentiary showing was required. *Id.* Hjelm presented no evidence; rather, he requested the opportunity to attempt to obtain evidence to support his unverified assertion that the landowner and the police had a relationship of some sort. Unverified assertions are not evidence. *Id.* Likewise, speculation of a conspiracy and the existence of dispatch records verifying said conspiracy is not evidence. *Id.* Because Hjelm did not submit any admissible evidence to show any allegation of a conspiracy was true, he did not demonstrate a just reason to permit withdrawal of his guilty plea. Moreover, the district court noted that Hjelm had an opportunity to cross-examine the officer at the suppression hearing as to the existence of dispatch records, but failed to. The district court was also concerned that Hjelm was merely postponing the conclusion of the case. Hjelm had many months and opportunities to develop this issue, but he failed to do so. To the extent Hjelm's motion to withdraw is based on this alleged conspiracy, Hjelm has failed to show a just reason for allowing withdrawal of the guilty plea prior to sentencing.

## III.

## CONCLUSION

In denying Hjelm's motion to continue the hearing on his motion to withdraw his guilty plea, the district court did not fail to exercise reason, as it reached an appropriate conclusion after applying the relevant factors to the facts in the record. Moreover, the district court did not fail to exercise reason when it denied Hjelm's motion to withdraw his guilty plea, as Hjelm failed to provide a just reason for allowing withdrawal of the plea. Accordingly, we affirm Hjelm's judgment of conviction for possession of a controlled substance.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.