# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44383

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JAMES GREER DALY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, February 2017 Term

2017 Opinion No. 31

Filed: April 12, 2017

Stephen Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

The judgment of the district court is affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

BRODY, Justice

This case reviews a district court's denial of a defendant's motions to substitute counsel and to continue his sentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2012, James Greer Daly was charged with six felony counts of Lewd and Lascivious Conduct with a Minor Under Sixteen. Pursuant to a plea agreement, Daly pleaded guilty to one count. At the beginning of the sentencing hearing, Daly moved to substitute counsel. The district court denied the motion. Daly then moved to continue the hearing, so that new counsel could be present for sentencing. The district court also denied this motion, indicating "[w]e have already continued the sentencing in this case for a month to get an additional mental health evaluation, and I don't think that would be a sensible course of action." The district court then sentenced Daly to twenty years, with three years fixed, and retained jurisdiction.

1

Daly filed a timely notice of appeal. In February 2013, his appeal was dismissed for failure to pay the required $100 fee. In November 2013, Daly initiated post-conviction proceedings, asserting, among other things, ineffective assistance of counsel. Nearly all of Daly's claims were dismissed with prejudice. The district court did find that counsel was ineffective in failing to notify Daly of the $100 appeal fee, and on that claim only, granted post-conviction relief. To enable Daly to appeal his conviction, instead of amending the judgment, the district court re-entered judgment *nunc pro tunc*. Daly again filed a timely notice of appeal, and the case was assigned to the Court of Appeals.

The Court of Appeals reviewed the case and held that: (1) it had jurisdiction over Daly's claims under the *nunc pro tunc* judgment because it related back to the original judgment and enabled Daly to appeal any issues in the original judgment; and (2) Daly did not receive the "full and fair" hearing he should have received on his motion to substitute counsel. Accordingly, the Court of Appeals remanded for a hearing on the motion to substitute counsel and the motion for a continuance. The State petitioned this Court for review of the Court of Appeals decision, specifically on the question of whether the duty to inquire into the reasons for requesting substitute counsel applies to retained counsel. This Court granted the State's petition for review. Prior to hearing before this Court, Daly moved to dismiss his appeal and vacate the Court of Appeals decision because he had been granted parole. The State concurred in the motion, provided the Court of Appeals decision was vacated in the dismissal. This Court denied the motion and heard oral argument.

## II.  ISSUES PRESENTED ON APPEAL

1.  Whether this Court has jurisdiction to hear Daly's appeal.
2.  Whether the district court erred in denying Daly's motion to substitute counsel and his motion to continue the sentencing hearing so he could retain different counsel.

## III. STANDARD OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Schmierer*, 159 Idaho 768, 770, 367 P.3d 163, 165 (2016). "Constitutional issues are pure questions of law over which this Court exercises free review." *Estrada v. State*, 143 Idaho 558, 561, 149 P.3d 833, 836 (2006). A trial court's decision to grant or deny a motion to substitute counsel is reviewed for an abuse of discretion. *State v. Nath*, 137

2

Idaho 712, 714–15, 52 P.3d 857, 860–61 (2002). Similarly, "[t]he decision to grant or deny a continuance rests within the sound discretion of the trial court." *State v. Tapia*, 127 Idaho 249, 255, 899 P.2d 959, 965 (1995). Abuse of discretion review entails a three-part inquiry: "(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason." *Schwan's Sales Enters., Inc. v. Idaho Transp. Dept.*, 142 Idaho 826, 831, 136 P.3d 297, 302 (2006).

## IV. ANALYSIS

### A. This Court's jurisdiction is proper.

The State asserts that this Court does not have jurisdiction to hear this case because the relevant Notice of Appeal was not filed within 42 days of the original judgment as required by Idaho Appellate Rule 14(a), but only within 42 days of the re-entered judgment. According to the State, because the errors alleged by Daly related to matters underlying the original judgment, timeliness as to the re-entered judgment was insufficient. However, the State also acknowledged (in a footnote) that "if Daly prevailed in a post-conviction action, and if the remedy ordered in that case was restoration of appeal rights through re-entry of judgment" then this Court's jurisdiction over his claims is proper. As noted above, in the post-conviction proceeding, the district court held that Daly's counsel had been ineffective in allowing his timely appeal to be dismissed and re-entered judgment *nunc pro tunc* with the express purpose of allowing Daly to appeal from the original judgment. Thus, given the State's acknowledgement of this Court's jurisdiction under the circumstances stated, this contention is deemed waived.

### B. The district court did not abuse its discretion in denying Daly's motion to substitute counsel and the subsequent motion to continue.

#### 1. The district court's denial of Daly's motion to substitute counsel did not infringe upon his Sixth Amendment right to counsel of choice.

Daly's chief contention is that the district court erroneously denied his Sixth Amendment right to counsel of choice when it denied his motion for substitute counsel and the connected motion to continue. Because this is a constitutional question, this Court exercises free review. *State v. Abdullah*, 158 Idaho 386, 417, 348 P.3d 1, 32 (2015).

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." In Idaho, this right is also protected by Article I, section 13 of the Idaho Constitution. For indigent defendants, the right to counsel includes the right to appointed counsel. *Gideon v. Wainwright*, 372 U.S. 335 (1963); *State v. Clayton*, 100 Idaho 896, 606 P.2d 1000 (1980). It also includes the effective assistance of that counsel. *Clayton*, 100 Idaho at 897, 606 P.2d at 1001. If a defendant is dissatisfied with appointed counsel, he may move for substitute counsel. Upon such a motion, the trial court must "afford defendant a full and fair opportunity to present the facts and reasons in support of his motion for substitution of counsel." *Id.* at 898, 606 P.2d at 1002. The decision to grant or deny the motion is then within the discretion of the trial court. *Id.* at 897, 606 P.2d at 1001.

Another element of the right to counsel "is the right of a defendant who does not require appointed counsel to choose who will represent him." *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). Indeed, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Id.* at 151. Instead, when the defendant can afford to pay his own attorney, the right to counsel "commands . . . that the accused be defended by the counsel he believes to be the best." *Id.* at 146. However, this right is not unlimited. *Wheat v. U.S.*, 486 U.S. 153, 159 (1988) ("The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects. . . . an advocate who is not a member of the bar may not represent clients (other than himself) in court. Similarly, a defendant may not insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant."). The United States Supreme Court has also recognized "a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar." *Gonzalez-Lopez*, 548 U.S. at 152 (internal citations omitted).

Here, Daly exercised his right to choice of counsel by retaining his attorney. His motion for substitution of counsel at the sentencing hearing was the first intimation of dissatisfaction with his representation. In fact, in the colloquy with the district court prior to its acceptance of his guilty plea, Daly indicated that he understood the terms of his plea, that he had had enough time to discuss them with his attorney, and that there was nothing that he wanted his attorney to do that had not been done. This exchange, when viewed together with the fact that Daly's sentencing hearing had previously been delayed for a month at his request, strongly suggests that

4

Daly's request for substitute counsel evinced a desire to delay sentencing rather than dissatisfaction with counsel. Regardless of the actual motive for the motion to substitute counsel, the district court acted within the boundaries of its discretion in denying the request. The court's response to the request—"I'm not going to let counsel be shifted at this stage,"— indicates that the court correctly perceived the issue as discretionary. Further, although Daly claims his motion was summarily denied, the court (as explained below) was not required to inquire into his reasons for wishing to replace his retained counsel. The district court's reasoning was further explained after Daly's connected motion to continue when the court indicated that the hearing had already been delayed for a month at defendant's request and that further delay would not be sensible. The decision to grant or deny this motion was within the district court's discretion. Daly's guilty plea was accepted by the Court on August 2nd. Sentencing was originally scheduled on September 17th, but was continued to October 15th. At any time during the two months between when the plea was entered and sentencing was undertaken, Daly could have moved to substitute counsel. Instead, he waited until the beginning of the sentencing hearing to communicate his dissatisfaction with counsel. The court acted well within its discretion in deciding the motion, including appropriate consideration of the needs of fairness and the demands of its calendar. Thus, the district court rightly perceived the issue as one of discretion, applied correct legal standards to the choices before it and acted within the boundaries of its discretion. There was no abuse of discretion.

**2. The district court did not abuse its discretion in denying Daly's motion to continue.**

After denial of his motion to substitute counsel, Daly immediately moved to continue the hearing so alternative counsel could represent him. The court also denied this motion, indicating that further delay would not be sensible.

As a general rule, "broad discretion [is] granted [to] trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of justifiable request for delay violates the right to assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (internal quotations omitted). In Idaho, "[t]he motion for continuance is addressed to the sound discretion of the trial court, and the action of the court will be upheld unless there has been a clear abuse of discretion." *State v. Laws*, 94 Idaho 200, 202, 485 P.2d 144, 146 (1971).

5

Daly did not indicate other counsel he preferred to retain nor did he indicate any steps he had taken in the time between trial and sentencing to retain new counsel. In short, he did not have other counsel ready to proceed. Thus, the district court acted well within its discretion in denying the motion.

### C. The district court was not required to conduct a hearing on Daly's motion to substitute counsel.

Daly argues that the district court should have inquired into his reasons for seeking new counsel, as required by *Clayton*. The State responds that a defendant is entitled to a hearing on a motion to substitute court-appointed counsel because he must show "good cause" before substitute counsel can be appointed, and that extending this requirement to retained counsel would be a "blatant infringement" on the defendant's right to counsel of choice. We agree.

*Clayton* and *Nath* require that the defendant have a "full and fair" opportunity to discuss with the court reasons for wanting to substitute *appointed* counsel. *Clayton*, 100 Idaho at 898, 606 P.2d at 1002; *Nath*, 137 Idaho at 715, 52 P.3d at 860. But because Daly had *retained* counsel, he was free to substitute counsel at any time during the proceedings, so long as the change did not substantially interfere with the efficient administration of justice and the need for fairness to all parties. The court does not have a duty to inquire into a defendant's reasons for wishing to substitute retained counsel. Daly was free to offer the reasons for his motion, but did not take that opportunity. The court was available to listen to any reasoning Daly wished to put forth. It did not cut him off or interrupt. Daly had the opportunity—at the time of the motion—to set forth his reasoning, if he wished to do so. But the court was not under a duty to inquire into his reasons for terminating retained counsel. Requiring inquiry or a separate hearing with sufficient reasoning before a motion to substitute retained counsel was granted ***would*** infringe upon Daly's constitutional right to counsel of choice.

We see good reason to differentiate between retained and appointed counsel in motions to substitute counsel. Appointed counsel is employed at public expense and should not be dismissed for reasons that would serve little purpose but to add to taxpayer cost. Retained counsel, on the other hand, is employed at the defendant's expense. The defendant is thus free to dispense with retained counsel at any time and for any reason, so long as the change does not substantially interfere with the efficient administration of justice and the need for fairness to all parties. Requiring courts to inquire into a defendant's reasons for wishing to substitute retained counsel

would constitute an unconstitutional infringement on defendants' Sixth Amendment right to counsel of choice.

## V.  CONCLUSION

For the foregoing reasons, we affirm the judgment of conviction and sentence of the district court.


Chief Justice BURDICK, and Justices EISMANN, JONES and HORTON CONCUR.