**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45639**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 14, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| OLAF JAMES HANSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

———————————————

LORELLO, Judge

Olaf James Hanson appeals from his judgment of conviction for possession of a controlled substance. Hanson argues that the district court erred in denying his pro se motion to "remove" counsel and his motion to continue. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Hanson with possession of a controlled substance. I.C. § 37-2732(c)(1). The district court appointed the public defender to represent Hanson. At the pretrial conference, pursuant to Hanson's request, the public defender made an oral motion to withdraw and to continue the trial date because Hanson wished to retain different counsel. The district court denied both motions. Hanson subsequently proceeded to trial, represented by the public defender. A jury found Hanson guilty as charged. Hanson appeals.

1

## II.

## STANDARD OF REVIEW

The decision to grant a motion for a continuance rests within the sound discretion of the trial court. *State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

### A.    Motion Regarding Counsel

Hanson contends that the district court did not apply the correct legal standards or exercise reason in ruling on his pro se "motion for ineffective assistance of counsel" and to remove the public defender because the district court did not conduct any inquiry into Hanson's request. The State responds that the district court presumptively denied the motion because it "never mentioned" or ruled on the motion. We hold that Hanson has failed to show any error in relation to his motion regarding counsel.

The underlying premise of Hanson's argument, and the State's response, is that the district court never considered Hanson's request to "remove" the public defender from his case. We do not agree with this premise. The record shows that the day before the pretrial conference, Hanson signed a pro se document captioned "motion for ineffective assistance of counsel" in which he asked the district court to "remove" the public defender from Hanson's case because he was dissatisfied with counsel's performance. At the pretrial conference the following day, Hanson's motion had not been filed.[1] Nevertheless, the public defender made the district court

---

[1]    For reasons that are not reflected in the record, Hanson's motion was not filed until five days later. However, we note that Idaho courts follow the "mailbox rule" under which pro se inmates' documents are considered to be filed when they are delivered to prison authorities for the purpose of mailing to the court clerk. *See Hayes v. State*, 143 Idaho 88, 91, 137 P.3d 475, 478 (Ct. App. 2006). If, despite the date, Hanson intended the motion as renewing the request made at the pretrial conference, it was his obligation to make the district court aware of such. He

aware that Hanson wanted him to withdraw and explained that Hanson indicated he had "tribal resources to provide alternate representation." At that same hearing, the public defender explained that Hanson felt counsel's representation had been "negligent and inefficient." The district court denied the motion to withdraw.

In our view, the public defender's request to withdraw at the pretrial conference reflected the request Hanson articulated in the pro se motion he prepared the day prior to the pretrial conference. On appeal, Hanson does not challenge the adequacy of the district court's inquiry at the pretrial conference or its denial of Hanson's motion to withdraw. Thus, the district court did not err in denying Hanson's request to "remove" the public defender from his case. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (noting that a party waives an issue on appeal if either authority or argument is lacking).

**B.       Motion to Continue**

Hanson asserts that the district court abused its discretion in denying his request for a continuance in order to retain new counsel and that the denial deprived him of his right to counsel of choice. The State responds that application of the factors relevant to a motion to continue shows the district court did not abuse its discretion. We hold that the district court did not abuse its discretion in denying Hanson's motion to continue.

As a general rule, a trial court has broad discretion in determining whether to grant a continuance. When the request for a continuance is based on the right to be represented by retained counsel of choice, a trial court may balance that right against the demands of the trial court's calendar. *State v. Rockstahl*, 159 Idaho 364, 368, 360 P.3d 373, 377 (Ct. App. 2015). Idaho's appellate courts have identified several factors as relevant to a trial court's decision whether to grant a continuance. These factors include the timing of the motion; the requested length of delay, including whether the delay is an attempt to manipulate the proceedings; the number, if any, of similar continuances sought by the defendant; inconvenience to witnesses; any prejudice to the prosecution; whether an irreconcilable conflict exists between the accused and

_____

did not do so. Instead, on the day of trial, the district court was advised there were no preliminary issues to be considered.

3

counsel; and the qualifications possessed by present counsel. *State v. Carman*, 114 Idaho 791, 793, 760 P.2d 1207, 1209 (Ct. App. 1988).

Hanson's request to continue was made at the pretrial conference. The public defender first made the request in conjunction with his motion to withdraw. In that context, the public defender advised the district court that Hanson said he had "tribal resources to provide alternate representation, but [Hanson] need[ed] a little time to put that into effect." In response, the district court told Hanson he was "more than welcome" to hire his own attorney, but the trial would remain as scheduled. Hanson then personally asked the district court to change venue. The public defender elaborated on the request, stating that Hanson is a tribal member and thought he could get "alternate representation." When asked if there was a jurisdictional basis or legal argument for a change in venue, the public defender indicated there was not. As such, the district court denied the motion to change venue. Then, Hanson again personally addressed the district court, stating: "I'll be working to get my own counsel then if that's the case" and "Can I still get a continuance for that matter?" The district court denied the motion to continue.

The district court did not abuse its discretion by denying Hanson's motion to continue. When Hanson requested a continuance, he did not identify an attorney who was willing and able to represent him, did not indicate he had taken any steps to retain a different attorney, and did not request a specific amount of time to do so. Hanson's nebulous request to delay the trial while he attempted to find different counsel to represent him is insufficient to show he was denied his right to counsel of choice. While a defendant has the right to be represented by counsel of choice, when no choice has been made there is little to balance against the other considerations relevant to granting a continuance. *See State v. Daly*, 161 Idaho 925, 929, 393 P.3d 585, 589 (2017) (concluding district court did not err in denying defendant's motion to continue so alternative counsel could represent him because defendant did not indicate other counsel he preferred to retain nor did he indicate any steps he had taken to retain new counsel and, therefore, defendant did not have other counsel ready to proceed); *Carman*, 114 Idaho at 794, 760 P.2d at 1210 (holding that an accused's desire to substitute chosen representation for appointed counsel alone is not a compelling reason for delaying trial). Moreover, Hanson has failed to identify anything in the record to support the conclusion that his counsel of choice was unable to represent him at trial because the district court denied a continuance. Therefore,

4

Hanson has failed to show the district court abused its discretion in denying his request for a continuance.

## IV.
## CONCLUSION

Hanson has failed to show the district abused its discretion in denying his motion regarding counsel or his motion to continue. Therefore, Hanson's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.