IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46558

| | |
|---|---|
| GUY LEWIS COULSTON, JR., | ) |
| | ) Filed: April 7, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment dismissing petition for post-conviction relief, affirmed.

Guy Lewis Coulston, Jr., Eagle Pass, Texas, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Guy Lewis Coulston, Jr., appeals from a judgment dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After being found guilty of lewd and lascivious conduct with a minor under sixteen, Coulston filed a petition for post-conviction relief. Although the district court initially appointed counsel, Coulston subsequently substituted his appointed counsel with privately retained counsel. With the assistance of retained counsel, Coulston filed an amended petition that alleged various claims for relief, including a claim that the district court violated his right to an open and public trial by conducting voir dire of three prospective jurors in chambers. The State moved for summary dismissal of Coulston's petition. At the hearing on the State's motion for summary

1

dismissal, Coulston's counsel informed the district court that he had received from Coulston a document entitled "Affidavit of Conflict," which asserted conflicts with his private counsel. After reviewing the court file and finding no affidavit from Coulston, the district court proceeded with the hearing. Subsequent to the discussion of his affidavit, Coulston, who was incarcerated, joined the hearing telephonically. He did not mention the affidavit or otherwise raise the issue of any conflicts with his counsel. At the conclusion of the hearing, the district court took the State's motion for summary dismissal under advisement.

Before the issuance of a decision on the State's motion for summary dismissal, the district court received the affidavit Coulston's counsel mentioned during the summary dismissal hearing.[1] In the affidavit, Coulston requested a "conflict hearing" to inquire into his alleged conflicts with counsel. Without holding the hearing Coulston requested, the district court summarily dismissed his petition for post-conviction relief. Coulston appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Coulston raises two issues on appeal. First, he argues the district court erred by failing to hold a hearing to inquire into his alleged conflicts with his privately retained counsel. Second, Coulston argues that the district court erred in summarily dismissing his claim that his right to an open and public trial had been violated. The State argues that the district court had no duty to hold a hearing on Coulston's conflicts with privately retained counsel and that summary dismissal of

---

[1]     When Coulston mailed his affidavit to the district court, he was incarcerated in Texas. According to the certificate of mailing attached to the affidavit, Coulston provided the affidavit to Texas prison officials four days before the hearing on the State's motion for summary dismissal.

Coulston's open and public trial claim was proper as the claim was procedurally barred and contradicted by the record. We hold that Coulston has failed to establish error on either issue.

## A.     Inquiry Into Conflicts With Counsel

A trial court's duty to inquire into conflicts between an individual and his or her attorney stems from the individual's right to effective legal representation. *See State v. Daly*, 161 Idaho 925, 930, 393 P.3d 585, 590 (2017). However, a post-conviction petitioner in a noncapital case has no constitutional or statutory right to effective counsel. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014). Nor does a trial court have a duty to inquire into an individual's reasons for seeking termination of his or her privately retained counsel. *Daly*, 161 Idaho at 930, 393 P.3d at 590. When Coulston filed his "Affidavit of Conflict" with the district court, he was represented by private counsel. Coulston was free to seek termination of this counsel pursuant to the Idaho Rules of Civil Procedure. *See Ward v. State*, ___ Idaho ___, ___, 458 P.3d 199, 202 (2020). Coulston failed to do so. The district court did not err in summarily dismissing Coulston's petition for post-conviction relief without holding a hearing to inquire into any alleged conflict between Coulston and retained counsel.

## B.     Open and Public Trial Claim

The district court provided two independent bases for summarily dismissing Coulston's claim that his right to an open and public trial was violated by the voir dire of certain potential jurors in chambers: (1) the claim was procedurally barred by I.C. § 19-4901(b) because the claim could have, but was not, raised on direct appeal, and (2) Coulston failed to object to the questioning during the underlying criminal case.[2] On appeal, Coulston only generally argues that his right to an open and public trial was violated. He does not address the district court's alternative ruling that the claim is procedurally barred because it could have been raised on direct appeal. Failure to address the alternate basis for dismissal of a post-conviction claim requires this Court to affirm the district court on the unchallenged basis. *See Rich v. State*, 159 Idaho 553, 555, 364 P.3d 254, 256 (2015). Consequently, we affirm the summary dismissal of Coulston's open and public trial claim on the unchallenged basis.

---

[2]     The district court also engaged in an extensive analysis of Coulston's claim under case law from the State of Washington and concluded that his claim would fail under that case law. We express no opinion on this portion of the district court's decision.

## IV.

## CONCLUSION

The district court had no duty to inquire into any conflicts between Coulston and his privately retained counsel. Thus, the district court did not err in summarily dismissing Coulston's petition for post-conviction relief without holding a hearing to inquire into any such alleged conflicts. Additionally, Coulston has failed to show that the district court erred in summarily dismissing his claim that his right to an open and public trial was violated. Therefore, the judgment summarily dismissing Coulston's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.