IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48121

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 24, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CHRISTY ANGEL LOVELAND, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for felony possession of methamphetamine and misdemeanor possession of drug paraphernalia and driving without privileges, affirmed.

Nevin, Benjamin, & McKay LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Christy Angel Loveland appeals from the judgment of conviction entered upon a jury verdict finding her guilty of possession of methamphetamine, possession of drug paraphernalia, and driving without privileges. Loveland argues that the State presented insufficient evidence to support her conviction for possession of methamphetamine and the district court abused its discretion when it denied her motion for a continuance of the trial. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Loveland was stopped by a police officer for driving with a suspended license. After requesting that Loveland exit her vehicle, the officer asked for permission to perform a search of Loveland's person, which she granted. The search revealed a small straw, wadded up foil, and .21

1

grams of methamphetamine packaged in foil in a zipped back pocket of Loveland's shorts. The officer asked Loveland about the substance, to which she seemed surprised and responded with her own question on whether he had found a "bud," i.e., marijuana on her person.

Loveland was arrested and charged with felony possession of methamphetamine, Idaho Code § 37-2732(c); possession of drug paraphernalia, I.C. § 37-2734(A)(1); driving without privileges, I.C. § 18-8001; and failure to have proof of insurance, I.C. § 49-1232. The case proceeded to trial. After the jury was empaneled, Loveland moved for a continuance, claiming she felt nauseous due to her pregnancy and had felt nauseous the night before. The district court denied the motion, reasoning that because Loveland felt nauseous the night before and upon her arrival, but had not made the motion earlier, granting the motion after the jury was empaneled would result in significant difficulty and prejudice to the State. The district court also offered to accommodate Loveland if she became ill during trial. Nevertheless, Loveland chose to leave the courtroom and was not present for the remainder of the trial.

The State presented its case-in-chief, after which Loveland's counsel moved for a judgment of acquittal which was granted only as to the failure to provide proof of insurance charge. The defense rested without presenting any evidence or testimony. The jury found Loveland guilty of the remaining charges. Loveland timely appeals.

## II.

## ANALYSIS

Loveland makes two arguments on appeal. First, Loveland argues that the State did not present sufficient evidence to support the jury's finding of guilt for possession of methamphetamine. Second, Loveland argues that the district court abused its discretion when it denied her motion to continue. We address each of these contentions below.

### A. Sufficiency of Evidence

Loveland argues that the evidence presented by the State was insufficient to support the jury's finding of guilt for possession of methamphetamine. Specifically, Loveland argues that the State failed to provide evidence establishing that she knew the substance in her back pocket was methamphetamine.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements

of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code § 37-2732(c) states that "It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter." This offense requires a general intent, that is, the knowledge that one is in possession of a controlled substance. *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993). The requisite knowledge of the presence of a controlled substance may be proved by direct evidence or may be inferred from the circumstances. *State v. Armstrong*, 142 Idaho 62, 65, 122 P.3d 321, 324 (Ct. App. 2005).

At trial, the State presented evidence that a small straw with residue, wadded up foil, and .21 grams of methamphetamine packaged in foil was found by a police officer in Loveland's back pocket. After the substance was found, Loveland appeared startled and when the officer asked what was in the foil, Loveland answered "Is it bud?"

Loveland argues that this evidence was insufficient to support the jury's finding of guilt. We disagree. The requisite knowledge may be proved by direct evidence or inferred from the circumstances. Uncontroverted evidence at trial showed that Loveland was the only person in the car when it was stopped and the methamphetamine, along with burnt residue in both the foil and straw, was found on Loveland's person. The presence of the straw, burn marks on the foil, residue and a lighter indicate use and, therefore, knowledge of both the presence of the substance and its nature. While Loveland may have expressed some surprise, she also questioned or guessed that the item was a "bud," indicating she knew of the presence of a controlled substance on her person. This is more than adequate to support an inference that Loveland was aware that she possessed a controlled substance. While Loveland may have appeared surprised, the jury was free to consider this fact during trial and reject any argument that she did not knowingly possess a controlled

3

substance. We will not reweigh the evidence on appeal, and we defer to the jury's determinations on credibility and the inferences to be drawn from the evidence presented.

**B.      Motion to Continue**

Loveland next argues that the district court abused its discretion by denying her motion to continue. Specifically, Loveland argues that the district court failed to exercise reason when it denied the motion solely on the ground that the jury had been empaneled after Loveland indicated that, due to her pregnancy, she was nauseous. The State asserts that the district court did not rely solely on the empaneling of the jury and otherwise acted within its discretion.

The trial court's grant or denial of a motion for continuance will be upheld unless there has been a clear abuse of discretion. *State v. Daly*, 161 Idaho 925, 929, 393 P.3d 585, 589 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Loveland arrived late for trial, while preliminary matters were being handled. She did not advise the district court of her nausea or seek any relief from the court at that time. After the jury was empaneled, Loveland, through counsel, advised the district court that she felt nauseous due to her pregnancy and expressed multiple times that she wanted counsel to conduct the trial in her absence. The district court attempted to clarify that Loveland was not asking for a continuance. After discussion between Loveland and her attorney, Loveland moved for a continuance, explaining that she had been experiencing nausea since the night before and that she felt nauseous when she arrived for trial. The district court denied the motion, reasoning that Loveland had felt nauseous earlier that morning and the night before, and had not moved for a continuance at that point, prior to empaneling the jury. The district court stated that granting the motion after the jury had been empaneled would result in significant difficulty, prejudice to the State, and indicated that accommodations could be made should Loveland continue feeling nauseous. Once again, Loveland expressed her desire for her attorney to proceed with the trial in her absence, even after being advised by the district court that she would be giving up her right to testify and assist counsel and that her illness could be accommodated.

4

Loveland argues that the district court did not reach its decision to deny the motion by an exercise of reason. Loveland asserts that (1) there was no evidence that she was aware that she could have requested a continuance when she first arrived; (2) her condition may have worsened after the jury was empaneled; and (3) the fact that she did not seek a continuance earlier is evidence that she was "truly ill and unable to proceed." As to the first assertion, there is likewise no evidence that Loveland did not know she *could* seek a continuance when she arrived. She knew she could raise the fact that she was nauseous and ask for some relief (absenting herself from trial), as she did so after the jury was empaneled. Moreover, what relief she did or did not know she could request does not bear upon the exercise of the district court's discretion. Regarding the second assertion, there is no evidence her condition worsened after the empaneling of the jury. On the contrary, she told the district court she had been experiencing the nausea the night before and upon her arrival for trial. Finally, it is unclear how the failure to request a continuance before empaneling of the jury demonstrates "tru[e] ill[ness]." Moreover, no one contended that Loveland had not been nauseous the night before or upon her arrival. The record shows that the district court considered Loveland's nausea but found that a delay at that point would result in significant difficulty and prejudice, and was open to accommodations should Loveland decide to stay. These considerations show that the district court reached its decision by an exercise of reason and it did not abuse its discretion in denying Loveland's motion.

### III.

### CONCLUSION

The evidence submitted by the State was sufficient to support the jury's finding of guilt for possession of methamphetamine, and the district court did not abuse its discretion by denying Loveland's motion to continue. Therefore, Loveland's judgment of conviction is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.