**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49374**

| | |
|---|---|
| RODNEY ARAIZA, | ) |
| | ) **Filed: April 17, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Appeal dismissed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Rodney Araiza was found guilty of murder in the first degree, Idaho Code §§ 18-4001, 18-4002, 18-4003; and riot, I.C. §§ 18-6401, 18-6402(1). Araiza filed a successive petition for post-conviction relief. The district court entered a judgment summarily dismissing Araiza's petition. Araiza appeals. We dismiss the appeal as untimely.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury convicted Araiza of riot and murder for his role in a prison riot and murder of Richard Holmes, another inmate. Araiza appealed his conviction and sentence, which was affirmed by the Idaho Supreme Court. *State v. Araiza*, 124 Idaho 82, 856 P.2d 872 (1993).

In October 2019, Araiza filed a petition for post-conviction relief requesting DNA testing of trial evidence that was not subject to prior DNA testing, and alleging that new evidence requires

1

his conviction to be vacated because the evidence shows he is innocent. The new evidence is an affidavit from another inmate, Merle LaMere, in which LaMere avers that he murdered Holmes and Araiza was not involved; LaMere testified at Araiza's trial that Araiza did not murder Holmes; and LaMere later pled guilty to the murder. The State filed a motion for summary dismissal. Following a hearing, the district court summarily dismissed Araiza's post-conviction petition.

The district court entered the judgment dismissing Araiza's post-conviction petition in September 2020. In April 2021, seven months after entry of that judgment, Araiza filed a "Motion to Toll Time to Appeal and/or Motion for Relief from Judgment," citing Idaho Rule of Civil Procedure 60(b), in which he claimed surprise or excusable neglect because his attorney did not send him a copy of the district court's order on the motion for summary dismissal until November 2020, after the time to appeal expired. The State responded that the motion for relief from judgment was untimely and the district court lacked authority to toll the appeal period. However, thereafter, the prosecutor stipulated to re-entry of the judgment as a resolution to Araiza's Rule 60(b) motion and the district court entered an order to re-enter the judgment after which the court filed an "Amended Judgment" dismissing Araiza's post-conviction petition. Thereafter, Araiza filed a timely notice of appeal from the judgment dismissing his petition for post-conviction relief.

## II.

## STANDARD OF REVIEW

A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal. *Dunlap v. Cassia Mem'l Hosp. Med. Ctr.*, 134 Idaho 233, 235, 999 P.2d 888, 890 (2000). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

## III.

## ANALYSIS

Araiza asserts that the district court erred in summarily dismissing his petition for post-conviction relief. The State contends that this Court lacks jurisdiction to hear his appeal because it is untimely. We agree with the State.

2

The State asserts that re-entry of the judgment did not render the notice of appeal timely and did not confer appellate jurisdiction.[1] Any appeal as a matter of right from the district court must be filed within forty-two days of the judgment. *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015). A timely appeal is necessary to vest jurisdiction in this Court to review issues raised with respect to the district court's actions. *Id.* Araiza does not dispute that he did not timely appeal from the September 2020 judgment dismissing his post-conviction petition. Instead, Araiza contends that appellate jurisdiction is proper because he timely appealed from the judgment the parties stipulated to have re-entered in order to resolve his Rule 60(b) motion in which he complained about post-conviction counsel's failure to appeal from the judgment dismissing his petition or advise him of the time in which to do so. Araiza's arguments do not cure the jurisdictional defect in this appeal. The issuance of an amended judgment, or in this case a re-entered judgment,[2] which does not alter the terms of an original judgment does not serve to extend the period for filing an appeal or begin that period anew. *State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996). In *Payan*, the amended judgment that the defendant appealed from only added credit for time served and did not otherwise change the terms of the original judgment. *Id.* This Court found that the amendment to the judgment did not affect the purposes of the appeal because the defendant did not assert error with the calculation of the credit given for time served. *Id.* As a result, it did not toll the appeal period. *Id.*

Araiza's appeal was not timely from the original judgment. Araiza's case was resolved by the district court's order summarily dismissing his post-conviction relief petition in September 2020. The district court's re-entered judgment only differed from the original judgment by its title and the date on which it was filed. Where the re-entered judgment purports to do exactly what the original judgment had already done, the period for filing an appeal neither is extended

---

[1]     Pursuant to Idaho Appellate Rule 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14 provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action.

[2]     The second judgment in this case is labeled an "amended" judgment. However, the judgment did not amend the original judgment, it merely re-entered the original judgment. Therefore, we will refer to it as the re-entered judgment.

nor begins anew. Although Araiza timely appeals from the re-entered judgment, it did not toll his time to appeal the dismissal of his petition for post-conviction relief, and this appeal is untimely from the original judgment.

Neither estoppel nor consent will confer subject matter jurisdiction. *Fairway Dev. Co. v. Bannock Cnty.*, 119 Idaho 121, 125, 804 P.2d 294, 298 (1990). Although the State stipulated to re-entry of the judgment with the intent to confer appellate jurisdiction, the State lacks the authority to do so. Additionally, Rule 60(b) does not grant the district court authority to reinstate appellate jurisdiction. Idaho Appellate Rule 14(a) specifically exempts Rule 60 motions from the type of motions that will terminate the time to file an appeal. The stipulation and order re-entering judgment under Rule 60 did not reinstate this Court's jurisdiction. Moreover, re-entry of judgment is not the proper subject of a Rule 60(b) motion. Rather, Rule 60(b) provides grounds for relief *from* a final judgment for reasons enumerated in the rule. Araiza's Rule 60(b) motion did not seek relief from the judgment; it sought relief based on the failure to timely appeal.

Araiza contends that this case is akin to *State v. Daly*, 161 Idaho 925, 393 P.3d 585 (2017). In that case, Daly timely appealed within forty-two days of the original judgment and his appeal was dismissed for failure to pay a fee. *Id.* at 927, 393 P.3d at 587. Following post-conviction proceedings, the district court found ineffective assistance of counsel because counsel failed to notify Daly of the required fee to appeal. As a remedy, the district court re-entered judgment in the criminal matter to allow Daly the ability to appeal. *Id.* Daly then timely appealed from the re-entered judgment. *Id.* As in *Daly*, then, it may be possible for a criminal defendant to prevail in a post-conviction action where the remedy is re-entry of judgment, having the effect of restoration of appeal rights. Although Araiza asserts that he did not timely file an appeal because he did not receive a copy of the district court's order from counsel until after the time to appeal ran, he does not assert ineffective assistance of counsel. Contrary to Araiza's assertions, this case is distinguishable from *Daly*. Neither the parties' stipulation nor the judgment reinstated this Court's lost jurisdiction. Thus, Araiza's appeal is untimely. As a result, we do not reach the merits of Araiza's claims.

## IV.

## CONCLUSION

Araiza's appeal is untimely and, thus, dismissed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

4